**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---------------------------------------------------------------X

FIRST ON FIRST DELI et al.,

                                    Plaintiffs,

                    -against-

UNITED STATES OF AMERICA,

                                    Defendant.

---------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 2/22/2022

**21-CV-6965 (ALC) (KHP)**

**OPINION AND ORDER**

**KATHARINE H. PARKER, United States Magistrate Judge:**

Presently before this Court is the parties' dispute about whether discovery is necessary prior to summary judgment briefing.  Specifically, Plaintiffs seek discovery on the reliability of the Food and Nutrition Service's ("FNS") ALERT system and household data to identify customers of its store who can be deposed to assist it in challenging the Government's administrative decision disqualifying Plaintiffs from participating in the Supplemental Nutrition Assistance Program ("SNAP").  For the reasons set forth below, Plaintiffs' discovery request is GRANTED in part and DENIED in part.

## BACKGROUND

On August 19, 2021, Plaintiffs filed this action seeking *de novo* review of the United States Department of Agriculture, FNS's decision disqualifying First on First Deli from participating in SNAP after finding that it engaged in trafficking.  (ECF No. 1.)  On November 16, 2021, the Honorable Andrew L. Carter referred this case to the undersigned for general pretrial management.  (ECF No. 7.)  On January 31, 2022, the Court held an initial case management conference, where the parties explained their positions on discovery, which

were also outlined in their joint letter filed on January 24, 2022.  (Joint Letter, ECF No. 20.)

A brief summary of their positions is outlined below.

*Plaintiffs' Position*

Plaintiffs seek discovery "on the reliability of the Alert System as it pertains to

discerning credit-based transactions versus other suspicious activity, in addition to seeking

to depose and eventually use the testimony of the various EBT customers[.]"  (Joint Letter,

page 1).  Plaintiffs assert that the data matching Plaintiffs' customers to the flagged

transactions leading to their disqualification is in the Government's control and the

testimony of those customers could be used to dispute the trafficking allegation because

the transactions are legitimate purchases and Plaintiffs allowed some customers to

purchase eligible items on credit (which is a lesser violation that does not lead to

disqualification according to Plaintiffs).

Plaintiffs rely on *Harijot Enterprises Inc. v. United States*, where the court held pre-

summary judgment discovery was warranted in a SNAP disqualification case.  2018 WL

11218266 (S.D. Ohio Sept. 24, 2018).  In *Harijot*, the plaintiffs claimed they did not engage

in trafficking, rather the large purchases and transactions issued were because it issued

credit accounts to customers.  *Id.* at *3.  To support its claims, the plaintiffs sought to

depose the customers whose transactions formed the basis for the Government's position.

The Court held, "[i]n order to support these explanations, Plaintiffs are entitled to both the

discovery tools allowed under the Federal Rules of Civil Procedure and the time to obtain

such discovery[.]"  However, of note, the district judge then remanded the matter to the

magistrate judge to determine the appropriate discovery and thus it remains unclear what discovery was ultimately permitted.

*Government's Position*

The Government contends that the certified administrative record filed in this case is sufficient to allow for review on a dispositive motion and further discovery would not assist Plaintiffs in avoiding summary judgment given that disqualification from SNAP is permitted for a single instance of trafficking.  Furthermore, the Government argues that courts in this District have decided permanent disqualification in SNAP cases without discovery based on the certified administrative record (which contains the evidence that the agency used to permanently disqualify the store).  The Government also argues that the FNS is explicitly permitted to rely upon transaction data in making its decision to disqualify SNAP participants.  Additionally, the Government contends even if credit accounts could explain some of the flagged transactions, Plaintiffs are charged with approximately 200 instances of trafficking.  (Joint Letter, page 4).  Specifically, the FNS's disqualification was based upon:

> (i) an analysis of the store's inventory, pricing, and operations following an FNS investigator's visit to the Plaintiff-store (see AR 207-214), (ii) multiple EBT transactions that were made from the account of a single SNAP household within short time frames (see AR 215-216), (iii) a series of EBT transactions that were large (sic) based on the observed store characteristics and recorded food stock, e.g., transactions for $482.75, $360.66, and $257.00 (see AR 216-217), (iv) a comparison of the Plaintiff-store's EBT transactions with the four similar convenience stores (see AR 218-225)[,] (v) a comparison of the Plaintiff-store's EBT transactions with the transaction data for convenience stores and small grocery stores in

New York (see AR 225-229), and (vi) an analysis of four of Plaintiff-
store's customers' shopping patterns (see AR 230-244).
(Joint Letter, page 3).

Next, the Government asserts it does not have in its custody or control information

regarding the identities of the households in question.  FNS only maintains the records of

"the terminal number, date and time of the transaction, the household account number,

the amount of the transaction, the transaction method, the EBT card number, the

household's state, the prior balance on the EBT card, and the transaction type."  (Joint

Letter, page 4).  FNS delegates the administration of the SNAP program to the states

through federal block grants.

Lastly, as to the ALERT system, the Government asserts that the FNS does not rely

on the ALERT System to determine that trafficking has occurred and is merely an

investigative tool.  Thus, Plaintiffs desired discovery into the "drawbacks and limitations" of

the ALERT System are irrelevant because there was an independent investigation into the

store as discussed above.  (Joint Letter, page 4-5).

## DISCUSSION

A. LEGAL STANDARD

Generally, a district court must refuse summary judgment "where the nonmoving

party has not had the opportunity to discover information that is essential to [its]

opposition."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5 (1986).  A party's

request for discovery must show that the information sought "might affect the outcome of

the suit under the governing law" and will preclude a grant of summary judgment.  *E. Vill.*

*New Deli Corp. v. United States*, 2021 WL 5507048, at *5 (S.D.N.Y. Nov. 23, 2021) (quoting *Anderson*, 477 U.S. at 248).

"[C]ourts regularly grant summary judgment in SNAP cases without allowing for additional discovery[.]" *Loma Deli Grocery Corp. v. United States*, 2021 WL 4135216, at *11 (S.D.N.Y. Sept. 10, 2021) (collecting cases). "A party seeking to delay resolution of a summary judgment motion on grounds that it has been deprived of certain discovery materials must show that the material sought is germane to the defense, and that it is neither cumulative nor speculative, and a bare assertion that the evidence supporting a plaintiff's allegation is in the hands of the defendant is insufficient." *Id.* (quoting *Alphonse Hotel Corp. v. Tran*, 828 F.3d 146, 151 (2d Cir. 2016)) (internal alterations omitted). However, given that the Court's review of the administrative decision is *de novo*, the plaintiff "may offer any relevant evidence available to support his case, whether or not it has been previously submitted to the agency." *Duchimaza v. United States*, 211 F. Supp. 3d 421, 428 (D. Conn. 2016) (quoting *Kim v. United States*, 121 F.3d 1269, 1272 (9th Cir. 1997)). Accordingly, when applicable, the Court must grant sufficient time and/or permit discovery for an adequate review. *Id.*

B.  APPLICATION

   a.  Household Data

As an initial matter, the Government has represented it does not have in its custody or control the information that Plaintiffs seek. Rather, it is the state of New York that maintains the household data to match the transactions to Plaintiffs' customers.

Accordingly, to the extent they wish to do so and believe it would be helpful, Plaintiffs must seek the relevant household data from New York state.

Nonetheless, Plaintiffs have the burden of disproving each instance of trafficking and highlighting that *some* transactions were legitimate or based on credit is insufficient to meet that burden. *E. Vill. New Deli Corp.*, 2021 WL 5507048, at *5 ("To meet this burden, plaintiffs must demonstrate that each cited instance of trafficking was invalid, because even one instance of trafficking is ground for disqualification.") (internal citation and quotation omitted). Thus, to the extent Plaintiffs seek to challenge only some of the 200 transactions, Plaintiffs would fail to meet their burden to show a genuine issue of fact as to whether disqualification was permitted.[1] *See  Timsina v. United States*, 835 F. App'x 633, 637 (2d Cir. 2020) (noting that even if a store's "proffered explanations could account for some of the suspicious transactions, there still remained ample circumstantial evidence to support the inference that [the store] had trafficked").

Accordingly, the Court will permit Plaintiffs 45 days to subpoena documents from New York state, after which Plaintiffs shall evaluate whether, based on the information provided, they will be challenging each of the violations. Plaintiffs shall provide a status letter to the Court by April 15, 2022, including whether depositions are sought and the reasons therefore. No depositions shall be permitted absent permission from the Court.

---

[1] For this reason, Plaintiffs reliance on *Harijot* is distinguishable.

6

b.   ALERT System

Plaintiffs have failed to show how discovery about the FNS ALERT system would uncover information germane to any of the defenses they may assert to oppose summary judgment.  As the Plaintiffs put it, discovery is warranted to determine the reliability of the ALERT system.  However, "[t]he crux of this case is not whether the ALERT system is a reliable investigative tool it is whether Plaintiffs can demonstrate by a preponderance of the evidence that they did not engage in trafficking of SNAP benefits as charged and determined by the Agency."  *Loma Deli Grocery Corp.*, 2021 WL 4135216, at *11 (internal citation and quotation omitted).

In this case, the Government conducted an investigation before Plaintiffs were permanently disqualified.  Courts have routinely denied similar challenges to the FNS ALERT system when coupled with an independent investigation, which is exactly what occurred here. After suspicious transactions were discovered by the ALERT system, Plaintiffs' data was then analyzed, compared with nearby stores, and an in-store investigation was performed to further determine whether Plaintiffs engaged in SNAP trafficking.  Thus, the reliability of the ALERT system is not relevant to FNS' determination to disqualify Plaintiffs.  *See Loma Deli Grocery Corp*, 2021 WL 4135216, at *8 (rejecting the plaintiff's challenge to the ALERT system, recognizing that while "[t]he electronic alert system triggered the investigation, . . .  an on-site investigation and inconsistent redemption data were considered before the FNS determined that trafficking had occurred") (internal quotation marks omitted*); see also Timsina,* 835 F. App'x at 635 (finding that "uncovering the FNS's internal procedures and decision-making were

simply not relevant to meeting [Plaintiff's] burden[.]").  Accordingly, Plaintiffs' request for

ALERT System discovery is DENIED.

### CONCLUSION

For the above-stated reasons, Plaintiffs' request for discovery is granted in part and

denied in part.

**SO ORDERED.**

DATED:        New York, New York
              February 22, 2022

_____
KATHARINE H. PARKER
United States Magistrate Judge